IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                                         No. 11-cr-0487 RB

**IAN GARLAND,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Ian Garland's Motion to Withdraw Plea, filed December 16, 2011. (Doc. 197). The United States filed its timely Response in Opposition to Defendant's motion on December 30, 2011. (Doc. 199). Having considered the submissions of counsel, relevant law, and being otherwise fully advised, the Court **DENIES** Defendant's motion.

**I.   Background**

On March 8, 2011, a federal grand jury returned an 84-count Indictment charging eleven defendants with (1) conspiracy in violation of 18 U.S.C. § 371 (Count 1), (2) making false statements in connection with the acquisition of firearms in violation of 18 U.S.C.§ 924(a)(1)(A) (Counts 2 - 42), and (3) smuggling goods from the United States in violation of 18 U.S.C. § 554 (Counts 43 - 84). Defendant Ian Garland is charged in Counts 1, 5, 7, 12, 15, 36, 40, and 81.

Garland was arrested on March 10, 2011. On March 15, 2011, Garland appeared before the Honorable William P. Lynch, United States Magistrate Judge for the District of New Mexico, for arraignment and detention hearing. (Doc. 53). At the conclusion of the detention hearing, Judge Lynch detained Defendant pending trial as both a flight risk and a danger to the

community.  (Docs. 53, 64).  Garland filed a notice of appeal of the detention order on March 18, 2011, (doc. 81), which this Court denied on March 24, 2011.  (Docs. 88, 92).

On July 21, 2011, Garland waived his right to plead guilty before a United States District Judge and consented to enter his plea before a United States Magistrate Judge.  (Doc. 164).  The same day, Garland pleaded guilty before Judge Lynch to conspiracy and aiding and abetting the making of false statements on ATF 4473 Forms during firearms sales (Counts 5, 7, 12, 15, 36, & 40).  (Doc. 165).

The PSR was disclosed on October 27, 2011.  (*See* doc. 199 at 3).  The United States filed its Objections to the PSR on November 18, 2011.  (Doc. 195).

On December 16, 2011, Garland filed the instant motion to withdraw his guilty plea.  (Doc. 197).  In support of his request, Garland asserts that the "pressure and potential consequences of not pleading were too much," and that these pressures "forced him to plea [sic] to Count 1, the conspiracy, when he otherwise did not believe in this [sic] heart that he was guilty."  (Doc. 197 at 3).

**II.    Discussion**

As a threshold matter, neither party has requested a hearing on this motion and the Court is not required to hold one *sua sponte*.  "A defendant is not entitled to an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea. . . . [rather,] the defendant must present some significant questions concerning the voluntariness or general validity of the plea to justify an evidentiary hearing."  *United States v. Carter*, 109 F. App'x 296, 299 (10th Cir. 2004) (citing *United States v. Fountain*, 777 F.2d 351, 358 & n.3 (7th Cir. 1985)).  A hearing is not required if the defendant was informed of the consequences of his plea.  *Baker v. United States*,

404 F.2d 787, 790 (10th Cir. 1968); *see also United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) ("A motion to withdraw a guilty plea may be denied without a hearing where the defendant's allegations 'merely contradict the record,' are 'inherently incredible,' or are 'simply conclusory.' "). Because the Court finds that Garland was informed of the consequences of his plea and has failed to present any significant questions concerning its voluntariness or general validity, no evidentiary hearing is required.

Federal Rule of Criminal Procedure 11(d) provides that a defendant may withdraw a plea of guilty either (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea but before it imposes sentence if (a) the court rejects the plea agreement under 11(c)(5), or (b) the defendant can show a fair and just reason for requesting the withdrawal. FED. R. CRIM. PROC. 11(d).

Although Garland does not address which of these standards applies, the Court finds he is bound by Rule 11(d)(2)(b) and therefore must show a fair and just reason for requesting the withdrawal. The Tenth Circuit has determined that "[a] magistrate judge has jurisdiction to conduct a plea hearing and subsequently accept a defendant's plea where the defendant consents." *United States v. Montano*, 472 F.3d 1202, 1204 (10th Cir. 1997); *see also United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir.1996) ("[W]e hold that, with a defendant's express consent, the broad residuary 'additional duties' clause of the Magistrates Act authorizes a magistrate judge to conduct a Rule 11 felony plea proceeding, and such does not violate the defendant's constitutional rights.")  A magistrate judge's acceptance of a defendant's plea binds that defendant for Rule 11 purposes. *United States v. Benton*, 523 F.3d 424, 432 (4th Cir. 2008) ("[A] magistrate judge's acceptance of a plea, with the consent of the parties, does not appear to

present any constitutional problems . . . [given that] a defendant's consent waives any individual right to demand an Article III tribunal." Were this Court to find otherwise, the plea proceeding before Judge Lynch would be rendered meaningless:

> In cases where a defendant withdraws his plea for no reason, the proceedings before the magistrate judge will have been rendered a nullity–a complete waste of judicial resources. In fact, making Rule 11 hearings non-binding may encourage defendants to use magistrate-led colloquies as go-throughs in order to gauge whether they may later experience "buyer's remorse."

*Id*. at 432-33.

In this case, Garland unequivocally waived his right to enter his plea before a United States District Judge and consented to entering his plea, knowingly and voluntarily, before a United States Magistrate Judge. (Doc. 164). At the conclusion of the plea hearing and following an extensive colloquy, Judge Lynch stated:

> Mr. Garland, I find that you're competent and capable of entering an informed plea, you're aware of the nature of the charges and the consequences of your plea. I find your plea knowing and voluntary. *I accept your plea of guilty* and now adjudge you guilty. I'll defer acceptance of the plea agreement to the district judge.

(Tr. At 12) (emphasis added).

That this Court has not yet accepted Garland's plea agreement is immaterial. The Supreme Court has specifically held that where a defendant pleads guilty pursuant to a plea agreement, and the district court accepts that plea but defers decision on whether to accept the agreement, the defendant may not withdraw his plea in the interim without showing a "fair and just reason" for doing so under Rule 11. *United States v. Hyde*, 520 U.S. 670, 671 (1997). Thus, the Court finds that Judge Lynch's acceptance of Garland's guilty plea bound him for Rule 11 purposes and that he must establish a fair and just reason for the withdrawal.

In determining whether this burden has been met, Tenth Circuit courts consider the following seven factors: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007). Courts need not address prejudice to the government, delay in filing, inconvenience to the court, or waste of judicial resources unless the defendant first demonstrates a fair and just reason for his request. *Id.* at 1217.

The Court finds that Garland has not met this burden. In support of his motion, Garland states that the "pressure and potential consequences of not pleading were too much," and that these pressures "forced him to plea [sic] to Count 1, the conspiracy, when he otherwise did not believe in this [sic] heart that he was guilty." (Doc. 197 at 3). Garland further asserts he "feels he was pressured into lying to himself and pleading guilty to Count 1" and to the language "having reason to know that these firearms were illegally destined to people in Mexico." (Doc. 197 at 2). Although Garland does not describe the source or exact nature of this alleged pressure, the Court sees two possible readings of his statements. The first reading suggests that the consequences of not pleading were *themselves* the source of the asserted pressure; in this scenario, the pressure he felt was an internally-generated reaction to his circumstances. Another reading implies that the pressure came from some external source, and that this pressure in *combination* with the potential consequences of not pleading guilty compelled him to plead guilty despite his belief in his innocence. Regardless of Garland's meaning, however, application of the above factors forecloses his request.

5

First, the Court finds no evidence that Garland asserted his innocence prior to filing the instant motion. To the contrary, at his plea hearing, Garland declared under oath that he was guilty of Counts 1, 5, 7, 12, 15, 36, and 40 of the Indictment.  (Tr. at 9-10) (The Court: "How do you plead to Count[s] 1, . . . 5, 7, 12, 15, 36, and 40 . . . . Do you plead guilty or not guilty?" The Defendant: "Guilty.")  He also confirmed the accuracy of the United States Attorney's oral rendering of the factual basis upon which these counts were based.  (Tr. at 11) (The Court: "Is what the U.S Attorney told me about you correct?"  The Defendant: "Yes, sir.")  Although Garland now asserts that he "did not believe in this [sic] heart that he was guilty," the "[a]ssertion of a defendant's subjective belief in his own innocence does not mandate allowing him to withdraw his plea of guilty." *United States v. Hickok*, 907 F.2d 983, 985 n.2 (10th Cir. 1990) (citing *United States v. Keiswetter*, 860 F.2d 992, 994 (10th Cir.1988)); *see also United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007) ("[T]he mere assertion of a legal defense is insufficient; the defendant must present a *credible* claim of legal innocence.") (emphasis in original).  Garland fails to present any factual argument that would support a legally cognizable defense, and a "change of heart, without more, is not sufficient to swing this factor in his favor." *United States v. Byrum*, 567 F.3d 1255, 1265 (10th Cir. 2009).

Second, Garland makes no argument regarding the effectiveness of his counsel.  By contrast, at his plea hearing he specifically stated he was satisfied with the advice and representation of his attorney.  (Tr. at 5) (The Court: "Are you satisfied with the advice and the representation he's provided to you?"  The Defendant: "Yes, sir."); *see also* Tr. at 6 (The Court: "[D]id you talk to [your lawyer] and did he answer all of your questions about the plea agreement before you signed it?"  The Defendant: "Yes, sir.")  Thus, this factor weighs against

granting Garland's request.

Finally, Garland fails to raise any significant question as to the knowing and voluntary nature of his guilty plea. At Garland's plea hearing, Judge Lynch conducted an extensive and thorough colloquy in which he verified that Garland had reviewed the Indictment and understood the charges against him, that no one had forced or threatened him into pleading guilty, that he understood the constitutional rights he waived by entering his plea, that no one had promised him anything not reflected in the plea agreement, that he had reviewed the agreement in detail and had the opportunity to ask his attorney questions before signing, and that he understood each of the questions Judge Lynch had asked him throughout the course of the morning.[1] At the

---

[1] In total, throughout the course of the plea colloquy, Judge Lynch: (1) asked Garland if anyone had forced or threatened him into pleading guilty (Tr. at 3); (2) advised Garland of his right to plead not guilty and of the constitutional rights he relinquished by pleading guilty (Tr. at 3-4); (3) explained the consequences of Garland's entering a guilty plea on certain civil rights such as the right to vote, to be a juror, and to possess a firearm (Tr. at 4); (4) explained that Garland would face increased penalties if convicted of another crime in the future (Tr. at 4); (5) asked Garland if he had reviewed the Grand Jury Indictment and understood the charges against him (Tr. at 4-5); (6) ensured that Garland was aware of the maximum penalties for the charged crimes (Tr. at 5); (7) asked Garland if he had spoken with his attorney about the facts and circumstances of his case and was satisfied with his advice and representation (Tr. at 5); (8) asked Garland if he had the chance to review the plea agreement in detail before signing it, to discuss the agreement with his lawyer, and to have his questions answered (Tr. at 6); (9) asked Garland's counsel to iterate the most important benefits Garland would receive from the agreement (Tr. at 6); (10) ensured Garland understood that the district judge could reject the stipulations contained in the agreement, and even if the judge rejected those stipulations he could not withdraw his guilty plea (Tr. at 7-8); (11) ensured that Garland understood the district judge could give him a sentence differing from the sentence he'd previously discussed with his lawyer (Tr. at 8-9); (12) advised Garland that by pleading guilty he was also giving up his right to appeal and to collaterally attack the sentence, but that he could bring a claim for ineffective assistance of counsel (Tr. at 9); (13) asked Garland if anyone had made him any promises to get him to plead guilty that were not reflected in the plea agreement (Tr. at 9); (14) asked Garland whether the U.S. Attorney's oral account of the factual basis upon which the Indictment was based was true and accurate (Tr. at 11); and (15) ensured that Garland understood the questions Judge Lynch had asked him throughout the course of the hearing (Tr. at 11).

conclusion of the hearing, Judge Lynch found that Garland was competent and capable of entering an informed plea, that he was aware of the nature of the charges and consequences of his plea, and that his plea was knowing and voluntary. (Tr. at 12). In reviewing the record, the Court sees no reason to determine otherwise. Thus, the Court finds that Garland has failed to establish a fair and just reason for withdrawing his plea and declines to consider the remaining factors.

While the Court certainly appreciates the pressure Garland experienced in deciding whether to enter a guilty plea, the "pressure and potential consequences" he cites as a basis for his motion are inherent in nearly every plea negotiation and are critical factors each defendant must weigh in his decision-making process. The potential consequences of not pleading guilty – such as a lengthier prison sentence – must be evaluated against a guilty plea's concomitant waiver of important constitutional rights. Because of the "gravity" and "solemnity" of this judgment, *Brady v. United States*, 397 U.S. 742, 748 (1970), the law places significant restrictions on a defendant's ability to withdraw his plea once accepted by the court. Only a "fair and just reason" will support a defendant's request for withdrawal under these circumstances, and the Court cannot find one to exist here.

**THEREFORE,**

**IT IS ORDERED** that Defendant Ian Garland's Motion to Withdraw Plea (doc. 197) is **DENIED**.

　
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**